IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LOU DAVIS                                                                                      PLAINTIFF

vs.                                       Civil No. 6:16-cv-06106

NANCY A. BERRYHILL                                                                DEFENDANT
Acting Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Lou Davis ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability application on June 20, 2013. (Tr. 11). In this application, Plaintiff alleges being disabled due to knee pain, back pain, high blood pressure, and pancreatitis. (Tr. 133). Plaintiff alleges an onset date of July 15, 2008. (Tr. 11). This application was denied initially and again upon reconsideration. (Tr. 53-65).

Plaintiff requested an administrative hearing on March 19, 2014. (Tr. 91). This request was granted, and Plaintiff's administrative hearing was held on December 8, 2014 in Hot Springs,

1

Arkansas. (Tr. 26-52). At this hearing, Plaintiff was present an was represented by Shannon Muse Carroll. *Id.* Plaintiff and Vocational Expert ("VE") David Elmore testified at this hearing. *Id.* During this hearing, Plaintiff testified she fifty-three (53) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 416.963(c). (Tr. 31). As for her education, Plaintiff testified she had completed high school. (Tr. 31).

On March 19, 2015, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's SSI application. (Tr. 8-21). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 20, 2013, her application date. (Tr. 13, Finding 1). The ALJ determined Plaintiff had the following severe impairments: lumbar spine degenerative disc disease, status post discectomy; pancreatitis; arthropathy, status post left knee total knee arthroplasty; hypertension and restless leg syndrome. (Tr. 13, Finding 2). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-18, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the work could not require climbing ladders, ropes, scaffolds or kneeling; not more than occasional performance of each remaining postural function beyond that (climbing ramps and stairs, balancing, stooping, crouching, and crawling[)]. Further, the work could not require foot control operations for the left lower extremity.

2

*Id.*

Considering her RFC, the ALJ determined Plaintiff did not retain the capacity to perform any of her PRW. (Tr. 18, Finding 5). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 19, Finding 9). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative occupations such as production assembler (light, unskilled) with 6,000 such jobs in Arkansas and 180,000 such jobs in the nation; and poultry deboner (light, unskilled) with 2,000 such jobs in Arkansas and 75,000 such jobs in the nation. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from her application date of June 20, 2013 through the date of the ALJ's decision or through March 19, 2015. (Tr. 20, Finding 10).

Plaintiff sought review with the Appeals Council. (Tr. 5-7). On September 23, 2016, the Appeals Council denied her request for review. (Tr. 1-4). On October 24, 2016, Plaintiff filed her Complaint in this action. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 7, 12-13. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

In her appeal brief, Plaintiff alleges the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 12 at 1-5. Specifically, Plaintiff argues the following: (A) the ALJ erred in evaluating Listings 1.04 and 1.02B2(b)(c); (B) the ALJ erred "in failing to properly address Plaintiff's [her] severe pancreatitis and chronic abdominal pain"; and (C) the ALJ erred in presenting his hypothetical to the VE. ECF No. 12 at 1-15. The Court will address each of these arguments.

**A.** **Listings**

Plaintiff claims her impairments meet the requirements of Listings 1.02(B)(2)(C) and Listing 1.04. ECF No. 12 at 1-9. Plaintiff has the burden of demonstrating her impairments meet *all* the requirements of a given Listing. *See Cox,* 160 F.3d at 1206. Upon review of Plaintiff's argument in this matter, the Court finds Plaintiff has not met her burden of demonstrating her impairments meet the requirements of either of these Listings.

5

For example, Plaintiff first references Listing 1.02. Listing 1.02 requires a demonstration of a "gross anatomical deformity." Such a deformity includes "subluxation, contracture, bony or fibrous ankylosis, instability." In the present action, Plaintiff has not provided which "gross anatomical deformity" she has that meets one of these requirements. Second, Listing 1.04 only applies to "disorders of the spine" which may include "herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture." These disorders must also be accompanied by "nerve root compression," "spinal arachnoiditis," or "lumbar spinal stenosis." In the present action, Plaintiff has not demonstrated *how* her impairments meet these exacting requirements.

Without more, the Court simply cannot find Plaintiff has met her burden of demonstrating her impairments meet the requirements of these listings. Thus, the Court will not address these listings further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that the ALJ failed to consider whether claimant met the listings because the claimant provided no analysis of relevant facts or law regarding the listings).

### B. Pancreatitis and Abdominal Pain

Plaintiff claims the ALJ erred in assessing her pancreatitis and abdominal pain. ECF No. 12 at 9-12. Specifically, Plaintiff claims these impairments meet the requirements of Listings 5.06 and 5.08. *Id.* Again, Plaintiff has the burden of meeting the requirements of one of these Listings.

Listing 5.06 requires specific medical findings, including either a demonstration of repeated hospitalizations or a demonstration of two problems (such as anemia, serum albumin, a "clinically documented tender abdominal mass," perineal disease with a draining abscess or fistula, involuntary weight loss, or supplemental nutrition). In her appeal brief, the only evidence Plaintiff referenced

was her involuntary weight loss. ECF No. 12 at 9-12. Plaintiff has not demonstrated she meets any of the other requirements of this Listing. Because Plaintiff has the burden on this issue, and has not met this burden, the Court finds no basis for reversal on this issue.

Listing 5.08 applies to "weight loss due to any digestive disorder despite continuing treatment as prescribed, with BMI of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period." Here, Plaintiff references her testimony at the hearing regarding her weight loss and her reported weight loss to her doctor. ECF No. 12 at 9-12. Plaintiff does not provide documented instances of a BMI of less than 17.50. Indeed, in the reports Plaintiff does reference, her BMI was 21.63, within normal range. *See, e.g.,* Tr. 248. Thus, again, the Court cannot find Plaintiff has met her burden on this issue.

### C. Hypothetical to the VE

Plaintiff claims the ALJ erred in presenting his hypothetical to the VE. ECF No. 12 at 12-13. Specifically, Plaintiff claims the ALJ erred by failing to include limitations that she alleged, such as postural limitations, back limitations, or requiring a "sit/stand" option. *Id.* Again, Plaintiff no specific medical basis for these claims, and they are instead based upon her subjective complaints. *Id.*

Upon review, the ALJ fully considered Plaintiff's subjection complaints and his opinion, and Plaintiff offers no basis for reversal on this issue. *See Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2004) (recognizing the court should "defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence").

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 31st day of January 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE